IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOOTER'S PALS RESCUE,  )
                                 )     2:12-cv-01736-GEB-KJN
              Plaintiff,      )
                                 )
      v.                           )     <u>ORDER GRANTING MOTION FOR</u>
                                 )     <u>LEAVE TO FILE SECOND AMENDED</u>
COUNTY OF PLACER; MARK STARR,   )     <u>COMPLAINT</u>
DVM; ANTHONY LA BOUFF; DOES 1-  )
20, INCLUSIVE,                    )
                                 )
              Defendants.    )
_____ )

         Plaintiff moves under Federal Rule of Civil Procedure ("Rule") 15(a) for leave to file a Second Amended Complaint ("SAC") to add two new defendants and dismiss the remaining Doe Defendants. Defendants oppose the motion, arguing that amendment would be "futile" or "subject to dismissal" since the proposed defendants are protected by qualified immunity. (Defs.' Opp'n to Mot. to Dismiss ("Opp'n") ECF No. 23, 2:9, 3:6—7.)

         Rule 15(a)(2) provides that "[t]he court should freely grant leave [to amend a pleading] when justice so requires." "'This policy is to be applied with extreme liberality.'" <u>C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.</u>, 654 F.3d 975, 985 (9th Cir. 2011) (quoting <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir 2003)).

            In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

>   allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Defendants argue that the amendment would be "futile" or "subject to dismissal." (Opp'n 2:9.)

In evaluating arguments for denying leave to amend, "[n]ot all of the factors merit equal weight." Eminence Capital, 316 F.3d at 1052. Instead, "it is the consideration of prejudice to the opposing party that carries the greatest weight. . . . Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.; Capistrano Unified Sch. Dist., 654 F.3d at 985 (same). Defendants have not shown that they would be prejudiced by Plaintiff's proposed amendment; nor that another Foman factor favors denial of the motion. See generally Brockmeier v. Solano Cnty. Sheriff's Dep't, No. CIV S-05-2090 MCE EFB PS, 2007 WL 1521074, at *2 (E.D. Cal. May 22, 2007) (rejecting defendants' argument that addition of a new defendant "will ultimately be futile because of qualified immunity" since defendants "may address this issue by an appropriate [dismissal or] dispositive motion"). Therefore, Plaintiff's Motion for Leave to File a Second Amended Complaint is granted. Plaintiff is granted three (3) days leave from the date on which this Order is filed to file the SAC that is attached to its motion.

Dated:  March 5, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge